WRIGHT, J.
The evidence is inadmissible. To admit it would ■allow a rogue to set fire to some box, papers, &c., and by simpiy ■declaring that he hadburnt a note upon an individual to make that evidence of the existence and destruction of the note, upon which to recover.
WRIGHT, J. The party cannot be a witness in his own case. From necessity.he is sometimes admitted to the court, on the preliminary question as to a paper being lost, in order to open the ■d-oor for lesser proof than the paper or its contents. Here you propose to prove by the party the existence of the bills, their destruction, and general contents, as to amount only. It is not proof •of a. collateral preliminary fact, but of the main facts in issue. It 'is urged upon the ground of necessity, though the necessity is of a kind within the power of a party to create at his pleasure, when he inclines to make himself a witness in his own case. It would open the door to rank injustice, so to change the law of evidence.
*But, upon another ground, it is doubtful, whether such [689 testimony from a competent witness would be receivable in this case. The claim is, that the defendant was indebted to the plaintiff on a number of small promissory notes, that are negotiable and. obligatory upon the defendant into whosesoever hands they may fall. The defendant’s rights are to be regarded as well as the plaintiff’s. You cannot describe the notes — you fail to make it certain what , notes were lost; and if, for instance in this case, they were purloined by a thief, who fired the store to favor his escape; or, if they have been put in circulation by the defendant, and the bank should now pay, they would hereafter be compelled to pay the holder on pres *714 entation; or, if, in fact, the bank have already paid them, it mustióse. How are their identity to be ascertained, either to defend this claim, or recover of the plaintiff hereafter, if presented ? A party ought not to be subjected, unless he is certainly liable, and exempt from future liability. We think the evidence too loose and uncertain in its character to be received.
The plaintiff submitted to a non suit, with leave to move to open it up, but abandoned it.